UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA


| | | |
|---|---|---|
| MULTIVISTA FRANCHISE SYSTEMS, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | 2:10-cv-02039 JWS |
| vs. | ) ) | ORDER AND OPINION |
| ANDREW WEISSMAN, *et al.*, | ) ) | [Re: Motions at Dockets 10 and 14] |
| Defendants. | ) ) ) | |

## I.  MOTIONS PRESENTED

At docket 10, defendants Andrew Weissman, ConstructionPhotoDocs.com, LLC, and Scott Yahraus (collectively "defendants") move to transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404(a), or in the alternative, to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  At docket 21, plaintiff Multivista Franchise Systems, LLC ("Multivista") opposes the motion.  Defendants reply at docket 25.

At docket 14, defendants request oral argument on the motion at docket 10. Because oral argument would not assist the court, the motion at docket 14 is denied.

## II.  BACKGROUND

Multivista Franchise Systems, LLC ("Multivista") is a Delaware limited liability company with its principal place of business in Phoenix, Arizona.  Multivista sells construction photo documentation franchise businesses.  Multivista has over 30 locations in the United States and Canada.  Multivista has operated and completed projects in California since 2006.  "Multivista has also repeatedly solicited business and marketed its business in California and to California businesses since at least 2006 or earlier."[1]

In early 2009, Andrew Weissman, who resides in California, decided to start a business to "provide construction photo documentation services for large scale construction projects."[2]  In May 2009, Weissman registered the domain name www.constructionphotodocs.com and launched a web site to start his business.

In October 2009, a mutual acquaintance introduced Andrew Weissman to David Stadnik, Chief Operating Officer of Multivista.  Through e-mails and phone calls, Weissman and Stadnik began discussing the possibility of Weissman becoming a Multivista franchisee.  Stadnik sent Weissman a Confidentiality Agreement requiring the "nondisclosure and nonuse" of certain confidential information provided in connection with Weissman's evaluation of the "Franchise Opportunity."[3]  Stadnik also sent

---

[1]Doc. 2 at p. 9.

[2]Doc. 12 at p. 2.

[3]Doc. 2 at p. 25.

Weissman a Franchise Disclosure Document, a public document which does not contain any confidential information.[4]

On November 9, 2010, Weissman met Scott Yahraus through a mutual acquaintance.  Weissman and Yahraus discussed Weissman's interest in building a construction photo documentation business.  Weissman invited Yahraus to attend an upcoming meeting with Stadnik to learn more about a franchise opportunity with Multivista.

On November 10, 2009, Weissman made several handwritten changes to the Confidentiality Agreement, initialed and dated the changes, signed the Confidentiality Agreement, and returned it to Multivista.  Multivista acknowledged receipt of the Confidentiality Agreement as modified by Weissman, but did not sign the Confidentiality Agreement or enter an effective date.

In November 18, 2009, Stadnik met with Weissman in California to discuss the Multivista franchise.  Yahraus also attended the meeting.  Stadnik alleges that he shared confidential information with Weissman and Yahraus at the meeting, an allegation Weissman and Yahraus deny.  On December 2, 2009, Weissman sent Stadnik an e-mail proposing some changes to the franchise fee and royalties set forth in the franchise agreement.[5]  Stadnik responded with an e-mail indicating that Multivista would not entertain any variance from the current royalty and fee structure.[6]  By e-mail

---

[4]Doc. 2 at p. 11.

[5]Doc. 12 at p. 39.

[6]*Id.* at p. 40.

dated December 22, 2009, Weissman declined to enter into a franchise agreement with Multivista.[7]

In February 2010, Weissman and Yahraus formed ConstructionPhotoDocs.com, LLC ("CPD"), a California limited liability company.  CPD, which operates almost exclusively in Southern California,[8] hired a web site vendor located in Southern California to further develop its web site.[9]  Multivista contends that Weissman, Yahraus, and CPD copied Multivista's business model and website to create a likelihood of confusion in the marketplace.

On August 24, 2010, Multivista filed a complaint against defendants Weissman, Yahraus, and CPD, alleging claims of breach of contract, unfair competition under 15 U.S.C. § 1125(a), unfair competition/business practices under California Business and Professions Code Section 17200, *et seq.*, and unfair competition under Arizona common law, and requesting a preliminary injunction requiring defendants to "terminate or modify CPD's website to eliminate any likelihood of confusion with Multivista."[10] Multivista's complaint alleges that venue is proper in Maricopa County "pursuant to the venue clause contained in the Confidentiality Agreement."[11]

---

[7] *Id.*

[8] Doc. 12 at p. 8.

[9] *Id.* at pp. 7-8.

[10] Doc. 2 at p. 20.

[11] *Id.* at p. 3.

## III.  DISCUSSION

Defendants move to transfer this matter to the Central District of California

pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) provides, "For the convenience of

parties and witnesses, in the interest of justice, a district court may transfer any civil

action to any other district or division where it might have been brought."  "Under

§ 1404(a), the district court has discretion 'to adjudicate motions for transfer according

to an individualized, case-by-case consideration of convenience and fairness.'"[12]  A

motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in

determining whether transfer is appropriate, including:

> (1) the location where the relevant agreements were negotiated and executed,
> (2) the state that is most familiar with the governing law, (3) the plaintiff's choice
> of forum, (4) the respective parties' contacts with the forum, (5) the contacts
> relating to the plaintiff's cause of action in the chosen forum, (6) the differences in
> the costs of litigation in the two forums, (7) the availability of compulsory process
> to compel attendance of unwilling non-party witnesses, and (8) the ease of
> access to sources of proof.[13]

The first factor, the location where the relevant agreements were negotiated and

executed, is neutral.  Plaintiff contends that venue is proper in Arizona because the

Confidentiality Agreement plaintiff sent defendant Weissman contained a forum

selection clause, indicating that the venue for any action arising out of a breach of the

Agreement would be the courts of the state of Arizona.  Plaintiff's argument is unavailing

because the court concluded in its order at docket 22 that there is no fully executed

agreement evidencing a mutual intent to litigate in Arizona Superior Court.  The

---

[12]*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

[13]*Id.* at 498-499.

Confidentiality Agreement attached to the complaint indicates that Multivista tendered the Confidentiality Agreement to Weissman, who made handwritten changes to the Agreement and then signed it.  Multivista did not sign the Confidentiality Agreement, nor indicate acceptance of the changes Weissman made to the Agreement.   Accordingly, Multivista failed to establish mutual assent.  In addition, of the defendants named in this action, only Weissman signed the Confidentiality Agreement.  No other agreements are involved in this action.

The second factor, the state that is most familiar with the governing law is neutral because plaintiff's complaint raises federal claims, as well as claims under the California Business and Professions Code Section 17200, *et seq.*, and Arizona common law.  A district court in either the District of Arizona or the Central District of California would be able to evaluate plaintiff's claims and apply the appropriate case law.

The plaintiff's choice of forum weighs against transfer.  However, the respective parties' contacts with the forum favor transfer to the Central District of California.  All of the defendants reside in California, CPD operates almost exclusively in Southern California, and the web site vendor who designed the CPD web site is located in California.  While none of the defendants have done any work in Arizona or purposefully availed themselves of the benefits and protections of Arizona, plaintiff has operated and completed projects in California, and repeatedly solicited business and marketed its business in California since at least 2006.

The contacts relating to the plaintiff's cause of action in the chosen forum also favor transfer to California.  The gravamen of plaintiff's complaint is that defendants used plaintiff's confidential information to establish a substantially similar business

model as Multivista and compete directly against Multivista, and to establish a web site which is substantially similar to Multivista's web site and causes confusion in the market place.  The complaint alleges that Multivista shared this confidential information with defendants at a meeting in California in November 2009.  No other meeting occurred between the parties.  In addition, defendants' business, which allegedly is a copy of plaintiff's business model, is located in California, and the vendor who developed CPD's web site is also located in California.  Although plaintiff contends that the harm from CPD's alleged actions is particularly felt in Arizona, Multivista is admittedly a "national brand"[14] that has over 30 locations in the United States and Canada, including California.

The parties did not present any evidence concerning the differences in the costs of litigation in the two forums, but it is likely that it would be more expensive for defendants, who do not have any contacts in Arizona, to litigate in Arizona than for plaintiff, who already has a business presence in California, to litigate in California.  Because compulsory process to compel attendance of unwilling non-party witnesses is available in both forums, this factor is neutral.  Finally, the ease of access to sources of proof is also neutral.  Plaintiff and defendants each contend that their witnesses and sources of proof are in Arizona and California, respectively.

On balance, convenience, fairness, and the interests of justice weigh in favor of transferring this action to the Central District of California because the majority of the acts and events that gave rise to plaintiff's claim for relief occurred in California.  In

---

[14]Doc. 21-1 at p. 4.

addition, the court further notes that defendants filed an action for declaratory relief in the Central District of California before plaintiff filed this action in the District of Arizona.[15] While the status of that action is unclear, it appears that the two actions involve the same parties and similar issues. Consequently, the "first-to-file rule" also favors transfer of this action to the Central District of California.[16]

## IV. CONCLUSION

For the reasons set out above, defendants' motion at docket 10 to transfer venue is **GRANTED**, and this action is transferred to United States District Court, Central District of California. It is **FURTHER ORDERED** that defendants' motion at docket 14 for oral argument is **DENIED**.

DATED this 19th day of November 2010.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[15]*Weissman, et al. v. Multivista Franchise Systems, LLC*, SACV 10-1292-JVS (JEMX).

[16]*Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).